Judgment reversed, and judgment final on the demurrer for the plaintiff in error.

---

SAMUEL BEEKS, President, &c., *vs.* DAVID K. FOOSHEE.

The contract sued on was not set out with sufficient certainty in the complaint.
There were no persons in existence at the date of the alleged contract sued on, who were authorized to enter into a contract which would bind the trustees of schools and school lands for the township specified.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

David K. Fooshee sued Samuel Beeks, as president of the board of trustees of township No. 14, range 18 west, in Monroe county, to the April term, 1851, of the circuit court of said county.

The complaint states, that the defendant, on the 4th day of April, 1850, was indebted to the plaintiff in the sum of eighty dollars, for teaching a school in township 14, range 18 west, he having faithfully taught, at the special instance and request of the successors [predecessors] of the defendant, (who are now trustees of said township,) who agreed to pay him said sum out of the interest of the money of the sixteenth section of the common school fund.

To the complaint the defendant filed a demurrer, and assigned the following causes : —

1. Because the said plaintiff has not stated or shown any contract, either express or implied, made by defendants with plaintiff.

2. That any contract made with the common school commissioners, is neither binding upon them, nor upon the present trustees.

3. That the remedy of the plaintiff, if he has any, is in equity, and not at law.

The court overruled the demurrer, and the defendant failing to plead over, judgment was rendered for plaintiff, and the defendant below prayed a writ of error.

*Goodwin* and *Sale*, for plaintiff in error.

*J. M. Acker*, for defendant in error.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a suit brought in the circuit court of Monroe county against the plaintiff in error, as the president of the board of trustees for township 14, range 18 west, in said county.

The complaint filed by the defendant in error, who was the plaintiff below, alleged in substance, that said defendants, theretofore on the 4th of April, 1850, were indebted to him in the sum of $80, for teaching school in said township. The plaintiff having faithfully, at the special instance and request of the predecessors of the defendants, (who were then trustees of said township,) who agreed to pay him said sum out of the interest of the money for the sixteenth section, and the common school fund.

To the complaint the defendants filed a demurrer, and assigned amongst others the following causes, to wit:

1. That plaintiff had not stated or shown any contract, either express or implied, made by defendants with plaintiff.

2. That any contract made with the common school commissioners, was neither binding on them, nor upon the present trustees.

The demurrer was overruled, and the defendants declining

Beeks *v.* Fooshee.

to plead, a writ of inquiry was awarded and executed, and a judgment final entered against the defendants.

We do not think that the contract was set out with sufficient certainty; but the material question is, whether the trustees of the school section in said township, who were the predecessors of the defendants, and with whom the contract was alleged to have been made, were authorized by the existing law, in their character of trustees, to make the alleged contract.

The third section of the act of 1824, (Hutch. Code, 211,) authorized the trustees of schools and school lands, in the several counties, to employ suitable persons as teachers, to continue them at pleasure, and to pay them, either in whole or in part, out of any moneys in their treasurer's hands.

This statute was repealed by the act of the 4th of March, 1846, passed for the purpose of establishing a system of common schools. It was not revived, so far as the county of Monroe is concerned, until the passage of the act of 1850, ch. 70, § 1. This act extended the provisions of the act of the 4th of March, 1848, to the counties of Monroe and Rankin. The third section of this latter statute revives " all laws existing and in force in reference to sixteenth sections and townships in this State, prior to the passage of the act of 4th of March, 1846, and declares them to be in full force as to the counties therein provided for." (Hutch. Code, 244.) It follows hence, that there could have been no election or appointment of trustees for schools and school lands for Monroe county, from the date at which the act of 1846, in regard to common schools, went into operation until the act ·of 1850 was passed, which took effect on the 1st of April following. Consequently there were no persons in existence, at the date of the alleged contract, who were authorized to enter into a contract with the plaintiff, which would be binding on the defendants as the trustees of schools and school lands for said township.

We think, therefore, that the court erred in overruling the demurrer.

Judgment reversed, cause remanded, with leave to amend.